IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETRA SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-303-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Ms. Petra Smith applied for insurance benefits and supplemental security income based on an alleged disability. *See* Administrative Record at pp. 129-31, 137-39 (certified May 16, 2011) ("Record"). The Social Security Administration rejected the claim,[1] and Ms. Smith initiated the present action. She alleges error in the finding that she could perform her past relevant work as a housekeeper. The Court should affirm.

I.  STANDARD OF REVIEW

The scope of review is limited, as the Court considers only whether the administrative law judge had correctly applied legal standards and had substantial evidence for the factual findings. *See Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). In applying this standard, the Court cannot reweigh the evidence or substitute its judgment for that of the Social Security Administration. *See Hamilton v. Secretary of Health & Human Services*, 961

---

[1]  Record at pp. 1-3, 13-22, 57-60.

F.2d 1495, 1498 (10th Cir. 1992). The evidence must be greater "than a scintilla," but may amount to "less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

II.     RELEVANT ADMINISTRATIVE FINDINGS

At the hearing, a vocational expert ("VE") testified that Ms. Smith had performed past relevant work as a housekeeper, which was listed in the Dictionary of Occupational Titles ("DOT") under job code number 323.687-014. Record at pp. 48-49. During his examination of the VE, the administrative law judge posed a hypothetical question which involved a restriction of "no direct . . . face-to-face interaction with the public." *Id.* at p. 51. In response, the VE stated that an individual with this restriction could work as a housekeeper. *Id.* at pp. 51-52. Ultimately, the administrative law judge found that the Plaintiff:

- could not have direct face to face public contact but

- was capable of performing her past relevant work as a housekeeper, both as she had actually performed the job and as it was performed in the general economy.

*Id.* at p. 21.

III.    NO ERROR AT STEP FOUR

With these findings, the administrative law judge rejected the disability claim at step four of a five-step sequential process. *See supra* p. 2; *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (discussing the five-step sequential evaluation process). Ms. Smith urges a lack of substantial evidence for this determination, arguing that: (1) the housekeeping position requires face to face public contact, and (2) the administrative law judge failed to

clarify a discrepancy between the VE's description of the housekeeping job and the DOT's description of the job. The Plaintiff's arguments are not persuasive, and the Court should affirm the decision of the Social Security Administration.

### A. Inability to Engage in Direct Public Contact

The administrative law judge could reasonably conclude that one could work as a housekeeper even if she could not encounter face to face public contact.

Ms. Smith had previously worked as a housekeeper. Record at pp. 160, 168, 182-83. According to the Plaintiff, the job entailed:

- "cleaning hotel rooms sweeping, mopping, vacuuming, making beds, cleaning bathrooms, taking out trash"[2] and

- "carry[ing] linen from laundry area to cart on the first floor or the second."[3]

This description suggests that the job did not require direct face to face contact with the public.

The DOT's description of the job also bears no mention of a need for direct public contact. *See* DOT 323.687-014 (4th ed. revised 1991). In fact, the job description lists the "people" function of the housekeeping position as "not significant." *Id.*

For several reasons, Ms. Smith suggests that the housekeeping position would require an ability to interact with the public. These reasons are not convincing.

---

[2]   Record at p. 160.

[3]   Record at p. 183.

First, the Plaintiff points to the DOT's examples of dormitories and nursing homes as potential venues for the job. According to the Plaintiff, these establishments "do not remove all of their patients and students for cleaning to occur, therefore there will be public contact." Petra Smith's Brief in Chief at p. 5 (Aug. 30, 2011) ("Plaintiff's Brief"). But the DOT does not restrict the housekeeping position to dormitories or nursing homes. Instead, the DOT states that the job could be performed in hotels, restaurants, clubs, and beauty parlors. *See* DOT 323.687-014 (4th ed. revised 1991).

Second, Ms. Smith states that a housekeeping position in a private home would necessarily entail face to face contact because "[c]leaners in private households frequently clean while the owner, children, or neighbors are present" and "[housekeepers] also must talk with the homeowner to find out what they want done that particular week or month, therefore there will be public contact." Plaintiff's Brief at p. 5. But again, the job is not restricted to performance in a private home. *See supra* p. 4.

Finally, Ms. Smith argues that a motel/hotel housekeeping position, as previously performed, undoubtedly involves public contact based on her attorney's "experience." Plaintiff's Brief at p. 7. The Plaintiff cites examples of deliveries to guest rooms and interaction with a guest after having been called to the room to clean up a mess made by a guest's child. But these examples are not job requirements as listed in the DOT or as described by the Plaintiff. *See supra* p. 3. The attorney's personal experience does not vitiate the presence of substantial evidence for the administrative law judge's findings. As

a result, the judge was entitled to rely on Ms. Smith's description of the job and the DOT notwithstanding the contrary experiences of Plaintiff's counsel.

### B. Significance of the Jobs That the Plaintiff Could Perform

The Plaintiff appears to acknowledge the ability to perform some housekeeping jobs, as she eschews any suggestion that "all of the jobs under that DOT job title [as a 'housekeeper'] have public contact." Plaintiff's Brief at p. 7. According to Ms. Smith, the administrative law judge had a duty to verify the existence of a significant number of housecleaning jobs that would not require direct public contact. *Id.* This insinuation of a duty is unsupported. At step five, the jobs must exist in significant numbers. *See* 20 C.F.R. §§ 404.1560(c)(1), 416.960(c)(1). But no such requirement exists at step four.[4]

### C. Inconsistency Between the DOT and VE Testimony

The Plaintiff also alleges that the administrative law judge should have asked the VE how her testimony differed from the information in the DOT. Presumably, the Plaintiff believes that the duty of inquiry was triggered based on a conflict between the VE's testimony and the DOT. But as discussed above, no such conflict existed. *See supra* p. 3.

---

[4] *See Wilson v. Chater*, 76 F.3d 238, 241-42 (8th Cir. 1996) ("There is no requirement that a particular job exist in the national economy in significant numbers in order to constitute 'past relevant work.'" (citations omitted)); *see also Barnhart v. Thomas*, 540 U.S. 20, 25-30 (2003) (holding that step four can result in a rejection of a disability claim even when the previous work does not exist in the national economy).

Accordingly, the administrative law judge did not err in failing to ask the VE for clarification.[5]

IV. RECOMMENDATION

The Court should affirm the decision of the Social Security Administration.

V. NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2009 supp.). For the filing of such objections, the deadline is December 27, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C), 6(a)(6)(A), 6(d), 72(b)(2). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

VI. STATUS OF THE REFERRAL

The referral is discharged.

Entered this 8th day of December, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[5] *See* Social Security Ruling 00-4p, *Policy Interpretation Ruling: Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions*, 2000 WL 1898704, Westlaw op. at 2 (Dec. 4, 2000) (noting that the duty to inquire is triggered only "[w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT").